14-1172
Lin v. Lynch

BIA
Videla, IJ
A087 786 614

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand fifteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

SEN LIN,
>        *Petitioner,*

>        v.                                      14-1172
>                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
>        *Respondent.*

_____

**FOR PETITIONER:**          Dehai Zhang, Flushing, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sen Lin, a native and citizen of the People's Republic of China, seeks review of a March 26, 2014, decision of the BIA affirming a May 31, 2012, decision of an Immigration Judge ("IJ"), denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sen Lin,* No. A087 786 614 (B.I.A. Mar. 26, 2014), *aff'g* No. A087 786 614 (Immig. Ct. N.Y. City May 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the bases for denying relief that were not considered by the BIA (untimely

2

asylum application and burden findings). *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Lin was not credible.

The agency reasonably relied in part on Lin's inconsistent and admittedly false statements related to whether he hit a family planning official with a shovel during his arrest in China. *See Xiu Xia Lin*, 534 F.3d at 166-67; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (providing that an asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's

3

uncorroborated or unauthenticated evidence . . . [and] may also influence the IJ's assessment of . . . the credibility of the petitioner."). In addition, Lin's testimony that he threatened family planning officials with a metal shovel was inconsistent with his mother's statement that Lin used a knife. Both the inconsistency and Lin's admission that his mother exaggerated the facts in her letter further undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe*, 480 F.3d at 170. Finally, the agency reasonably relied on Lin's inconsistent testimony regarding when he decided to leave China for the United States. *See Xiu Xia Lin*, 534 F.3d at 166-67.

Given Lin's false and inconsistent statements, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-67; *Siewe*, 480 F.3d at 170. That finding is dispositive of Lin's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

4

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk